# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLOTTE BRENT-BELL | ) | Case No. 17 C 1099 |
| | ) | |
| Plaintiff, | ) | Judge Gotschall |
| v. | ) | |
| | ) | Magistrate Judge Gilbert |
| The CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
<u>TO ALL DEFENDANTS</u>**

**<u>REQUESTS FOR PRODUCTION</u>**

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:** Defendant City of Chicago objects to this production request insofar as it is vague and ambiguous and seeks information that is premature to the extent that discovery is in its early stages and Defendant City of Chicago has yet to receive complete responses from Plaintiff in discovery concerning the specific details of Plaintiff's claims and/or damages, making it impossible to completely respond to this production request at this time. Defendant City of Chicago further objects to Plaintiff's Request for Production No. 1 insofar as it is so overly broad that it is duplicative of all of Plaintiff's other requests for production raised in Plaintiff's First Set of Requests for Production, including but not limited to, Plaintiff's Requests for Production Nos. 2 through 33, seemingly suggesting that Defendant City of Chicago need to repetitively recite the same materials as being responsive to Plaintiff's requests, bordering on wasteful and needlessly vexatious litigation practice by Plaintiff.   Subject to and without waiver of said objection, Defendant City of Chicago responds that the following documents -- CITY 001 to CITY 003699 -- are believed to be responsive to Plaintiff's Request for Production No. 1 and are being produced herewith as follows: (1) CITY 0001 – CITY 00101 (Training Materials, Custody, Arrest, Booking and Detention); (2) CITY 12- CITY 23 (Training Materials, Custody, Arrest, Booking and Detention); (3) CITY 24- CITY 34 (Training Materials, Custody, Arrest, Booking and Detention); (4) CITY 35- CITY 42 (Training Materials, Custody, Arrest, Booking and Detention); (5) CITY 43 (Video); (6) CITY 44 – CITY 53 (Training Materials, Investigatory Stops); (7) CITY 56 – CITY 64 (Training Materials, Communication in Police Environment); (8) CITY 65 – CITY 71 (Training Materials, Communication in Police Environment); (9) CITY 72 – CITY 80 (Training Materials, Communication in Police Environment); (10) CITY 81 – CITY 86 (Training Materials, Communication in Police Environment); (11) CITY 87 – CITY 92

1

(Training Materials, Communication in Police Environment); (12) CITY 93 – CITY 96 (Training Materials, Communication in Police Environment); (13) CITY 97 – CITY 101 (Training Materials, Communication in Police Environment); (14) CITY 102 – CITY 107 (Training Materials, Communication in Police Environment); (15) CITY 108 – CITY 119 (Training Materials, Communication in Police Environment); (16) CITY 120 – CITY 254 (Training Materials, Communication in Police Environment); (17) CITY 255 – CITY 286 (Training Materials, Communication in Police Environment); (18) CITY 287 (Video); (19) CITY 288 (Video); (20) CITY 289 (CPD Domestic Incident Notice to Victims); (21) CITY 290 – CITY 295 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (22) CITY 296 – CITY 300 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (23) CITY 301 – CITY 304 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (24) CITY 305 – CITY 308 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (25) CITY 309 – CITY 324 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (26) CITY 325 – CITY 338 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (27) CITY 339 – CITY 350 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (28) CITY 351 – CITY 362 (Training Materials, Custody, Arrest, Booking and Detention Power Point); (29) CITY 364 (Training Materials, Evaluation Sheet); (30) CITY 365 (Training Materials, Evaluation Sheet); (31) CITY 366 (Training Materials, Evaluation Sheet); (32) CITY 367 (Training Materials, Evaluation Sheet); (33) CITY 368 (Training Materials, Evaluation Sheet); (34) CITY 3669 (Training Materials, Evaluation Sheet); (35) CITY 370 (Training Materials, Evaluation Sheet); (36) CITY 371 (Training Materials, Evaluation Sheet); (37) CITY 372 (Training Materials, Evaluation Sheet); (38) CITY 372-393 (Training Materials, Integrated Exercise); (39) CITY 394- CITY 395 (Training Materials, Guidelines for Arrestee Screening); (40) CITY 396- CITY 483 (Training Materials, Heartsaver First Aid CPR/AED Student Workbook); (41) CITY 484 – CITY 501 (Training Materials, Power Point Presentation, Case Preparation); (42) CITY 502 – CITY 504 (Training Materials, Initial Medical Responses); (43) CITY 505 – CITY 531 (Training Materials, Integrated Exercise); (44) CITY 532 – CITY 556 (Training Materials, Integrated Exercise); (45) CITY 557 – CITY 579 (Training Materials, Integrated Exercise); (46) CITY 580 – CITY 611 (Training Materials, Integrated Exercise); (47) CITY 612 – CITY 635 (Training Materials, Integrated Exercise); (48) CITY 636 – CITY 661 (Training Materials, Integrated Exercise); (49) CITY 662 – CITY 690 (Training Materials, Integrated Exercise); (50) CITY 691 – CITY 715 (Training Materials, Integrated Exercise); (51) CITY 716 – CITY 739 (Training Materials, Integrated Exercise); (52) CITY 740 – CITY 767 (Training Materials, Integrated Exercise); (53) CITY 768 – CITY 795 (Training Materials, Integrated Exercise); (54) CITY 768 – CITY 795 (Training Materials, Integrated Exercise); (55) CITY 796 – CITY 818 (Training Materials, Integrated Exercise); (56) CITY 819 – CITY 841 (Training Materials, Integrated Exercise); (57) CITY 842 – CITY 868 (Training Materials, Integrated Exercise); (58) CITY 869 – CITY 900 (Training Materials, Integrated Exercise); (59) CITY 901 – CITY 914 (Training Materials, Integrated Exercise); (60) CITY 915 – CITY 926 (Training Materials, Integrated Exercise); (61) CITY 927 – CITY 931 (Training Materials, Integrated Exercise); (62) CITY 932 – CITY 983 (Training Materials, Integrated Exercise); (63) CITY 984 – CITY 1041 (Training Materials, Investigatory Stops); (64) CITY 1042 (Training Materials, Irate Motorist); (65) CITY 1043 – CITY 1069 (Training Materials, Investigatory Stops); (66) CITY 1070 (Training Materials, Line Ups); (67) CITY 1071 (Training Materials, Line Ups); (68) CITY 1072 (Training Materials, Line

2

Ups); (69) CITY 1073 (Training Materials, Line Ups); (70) CITY 1074 – CITY 1112 (Training Materials, Officer Safety and Survival); (71) CITY 1113 – CITY 1126 (Training Materials, Officer Safety and Survival, Power Point); (72) CITY 1127 – 1166 (Training Materials, Officer Safety and Survival); (73) CITY 1167 – 1193 (Training Materials, Patrol & Procedure); (74) CITY 1194 – CITY 1209 (Training Materials, Patrol & Procedure); (75) CITY 1210 – CITY 1220; (76) CITY 1221 – CITY 1234 (Training Materials, Patrol & Procedure); (77) CITY 1235 – CITY 1242 (Training Materials, Patrol & Procedure); (78) CITY 1243 – CITY 1250 (Training Materials, Patrol & Procedure); (79) CITY 1251 – CITY 1259 (Training Materials, Patrol & Procedure); (80) CITY 1260 – CITY 1267 (Training Materials, Patrol & Procedure); (81) CITY 1268 – CITY 1299 (Training Materials, Patrol & Procedure); (82) CITY 1300 – CITY 1320 (Training Materials, Patrol & Procedure); (83) CITY 1321 – CITY 1337 (Training Materials, Patrol & Procedure); (84) CITY 1338 – CITY 1349 (Training Materials, Patrol & Procedure); (85) CITY 1350 – CITY 1361 (Training Materials, Patrol & Procedure); (86) CITY 1362 – CITY 1373 (Training Materials, Patrol & Procedure); (87) CITY 1374 – CITY 1389 (Training Materials, Patrol & Procedure); (88) CITY 1390 – CITY 1401 (Training Materials, Patrol & Procedure); (89) CITY 1402 – CITY 1412 (Training Materials, Patrol & Procedure); (90) CITY 1413 – CITY 1419 (Training Materials, Patrol & Procedure); (91) CITY 1420 – CITY 1425 (Training Materials, Patrol & Procedure); (92) CITY 1426 – CITY 1429 (Training Materials, Patrol & Procedure); (93) CITY 1430 – CITY 1433 (Training Materials, Patrol & Procedure); (94) CITY 1434 – CITY 1437 (Training Materials, Patrol & Procedure); (95) CITY 1438 – CITY 1443 (Training Materials, Patrol & Procedure); (96) CITY 1438 – CITY 1443 (Training Materials, Patrol & Procedure); (97) CITY 1444 – CITY 1447 (Training Materials, Patrol & Procedure); (98) CITY 1448 – CITY 1463 (Training Materials, Patrol & Procedure); (99) CITY 1464 – CITY 1508 (Training Materials, Patrol & Procedure); (100) CITY 1509 – CITY 1528 (Training Materials, Rules and Regulations); (101) CITY 1529 (Training Materials, Safer Car Stops); (102) CITY 1539 – CITY 1543 (Training Materials, Search and Seizure); (103) CITY 1544 – CITY 1557 (Training Materials, Search and Seizure); (104) CITY 1558 – CITY 1561 (Training Materials, Search and Seizure); (105) CITY 1562 – CITY 1574 (Training Materials, Search and Seizure); (106) CITY 1575 – CITY 1584 (Training Materials, Search and Seizure); (107) CITY 1585 – CITY 1596 (Training Materials, Search and Seizure); (108) CITY 1597 – CITY 1615 (Training Materials, Search and Seizure); (109) CITY 1616 – CITY 1633 (Training Materials, Search and Seizure); (110) CITY 1634 – CITY 1647 (Training Materials, Search and Seizure); (111) CITY 1648 – CITY 1652 (Training Materials, Search and Seizure); (112) CITY 1653 – CITY 1670 (Training Materials, Search and Seizure); (113) CITY 1671 – CITY 1690 (Training Materials, Search and Seizure); (114) CITY 1691 – CITY 1704 (Training Materials, Search and Seizure); (115) CITY 1705 – CITY 1724 (Training Materials, Search and Seizure)' (116) CITY 1725 – CITY 1772 (Training Materials, Search and Seizure); (117) CITY 1773 (Training Materials, Ten Fatal Errors); (118) CITY 1774 – CITY 1784 (Training Materials, Ten Fatal Errors, Power Point); (119) CITY 1785 – CITY 1788 (Training Materials, Ten Fatal Errors, Notes); (120) CITY 1789 – CITY 1782 (Training Materials, Video); (121) CITY 1793 (Training Materials, Video, Domestic Violence); (122) CITY 1794 (Training Materials, Video, Orders of Protection); (123) CITY 1795 (Training Materials, Video, Contact and Cover); (124) CITY 1796 (Training Materials, Video, Treatment of Witnesses); (125) CITY 1797 (Training Materials, Video, Courtesy and Protocol); (126) CITY 1798 (Training Materials, Video, Legitimacy Chicago Police Department); (127) CITY 1799 (Training Materials, Video, Verbal Judo);

(128) CITY 1806 – CITY 1993 (Chicago Police Department General Orders); (129) CITY 1994 to CITY 1996 (A&A Sheets, 8/15/16, Boone); (130) CITY 1997 to CITY 2001 (A&A Sheets, 8/15/16, Childs); (131) CITY 2002 to CITY 2008 (A&A Sheets, 8/15/16, Lopez); (4) CITY 2009 – CITY 2011 (A&A Sheets, 9/15/16, Nichols); (132) CITY 2012-CITY 2014, A&A Sheets, 8/15/16, Struck); (133) CITY 2015 – CITY 2043 (A&A Sheets, 3/16/16, Unit 002); (134) CITY 2044 – CITY 2074 (A&A Sheets, 7/19/16, Unit 002); (135) CITY 2075 – CITY 2134 (A&A Sheets, 3/16/16, Unit 610); (136) CITY 2135 – CITY 2163 (A&A Sheets, 7/19/16, Unit 610); (136) CITY 2164 – CITY 2192 (A&A Sheets, 8/15/16, Unit 610); (138) CITY 2193 – CITY 2197 (Ambulance 1 Journal); (139) CITY 2198 – CITY 2202 (Ambulance 8 Journal); (140) CITY 2204 (Arrest Report Lock-Up Keeper's Log); (141) CITY 2205-2209, Arrest Report, Griselda Perry, 9/7/15, Redacted); (142) CITY 2210 – CITY 2214, Arrest Report Griselda Perry, 9/7/15, Redacted); (143) CITY 2215 – CITY 2219, Arrest Report, Keith Perry, 8/15/16, Redacted); (144) CITY 2220 – CITY 221, Arrest Report, Keith Perry, 8/15/16); (145) CITY 2222, Audio Search Log; (146) CITY 2223, Audio Search Log; (147) CITY 2224, Crystal Report, Boone – No Affidavit Response, related to Plaintiff Charlotte Brent-Bell); (148) CITY 2225 – CITY 2309 (Case Incident Reports related to Griselda and Keith Perry); (149) CITY 2315 – CITY 2368 (Complaint/Complimentary Histories, Individual Defendants Struck, Boone, Childs-Laughlin, Kotlarz); (150) CITY 2369 (Criminal History, Ashley Alexander);(151) CITY 2456 – CITY 2500 (Personnel File, Redacted, Boone); (152) CITY 2501 – CITY 2552 (Personnel File, Redacted, Childs-Laughlin); (153) CITY 2553 – CITY 2585 (Personnel File, Redacted, Kotlarz); (154) CITY 2586 – CITY 2642 (Personnel File, Redacted, Lopez); (155) CITY 2643 – CITY 2680 (Personnel File, Redacted, Nichols); CITY 2681 – 2724 (Personnel File, Redacted, Struck); (156) CITY 2848 - CITY 2861 (Training Records, Childs-Laughlin); (157) CITY 2862 – CITY 2879 (Training Records, Struck); (158) CITY 2880 – CITY 2904 (Training Records, Boone); (159) CITY 2924 – 2939 (Training Records, Kotlarz); (160) CITY 2956 – CITY 2971 (Training Records, Lopez); (161) CITY 2951 – CITY 2993 (Training Records, Nichols); (162) CITY 3005 – CITY 3018 (Watch Incident Logs); (163) CITY 2748 – CITY 2750 (Service Call Searches, August 14, 2016 – August 16, 2016); (164) CITY 2752 – CITY 2847 (Supervisor Logs); (165) CITY 2848-2931 (IPRA Log # 1084448).

  2. All Documents prepared in connection with the Brent-Bell arrest and detention, and the investigation, arrest, interrogation, or hospitalization of Plaintiff, including but not limited to any and all police reports, collected evidence, forensic and other testing results, DNA profiles, lab reports, logs, notes, handwritten notes, charts, instrument and computer print outs, crime scene photographs, photographs of the Plaintiff or other witnesses, electronically stored information, Communications, photographs, and videos.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 2 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests, particularly given the substantive scope of said requests, boarder on being vexatious. Defendant City of Chicago further objects to this production request because, with respect to the topic of

"hospitalization" of Plaintiff, it seeks information within the exclusive custody, possession or control of Plaintiff's and/or Plaintiff's medical providers and that the delay in the execution by Plaintiff of a consent to the production of Plaintiff's medical records has impeded the ability of Defendant City of Chicago and the Individual Defendants to conduct discovery related to Plaintiff's claimed medical condition(s), if any, and the nature and extent of Plaintiff's purported damages resulting from the alleged denial of medical care and/or failure to intervene (i.e., to get Plaintiff to a hospital). Defendant City of Chicago will supplement its response to this request for production once Plaintiff executes the consent to the provision of medical records and/or when the Court compels Plaintiff to provide such a consent so that necessary discovery concerning the nature and extent of Plaintiff's alleged medical condition(s) can be thoroughly explored during the course of discovery. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to Plaintiff's Request for Production No. 2 have been produced herewith in response to Plaintiff's Request for Production No. 1.

3. All transcripts, video recordings, audio recordings, tape recordings, radio transmissions, photographs or other electronic audio or visual communications (or Documents memorializing the same) relating to the subjects described in Plaintiff's Complaint.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 3 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Subject to and without waiver of said objection, Defendant City of Chicago see video and audio recordings produced on the diskette being produced herewith captioned, Charlotte Brent-Bell v. City of Chicago, et al, 17 C 1099, CITY 000001 – CITY 003699. Consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34, Defendant City of Chicago will supplement its response to Plaintiff's Request for Production No. 3 if and/or when additional responsive material is discovered to exist.

4. Any witness statements relating to any of the events described in Plaintiff's Complaint.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 4 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Defendant City objects to this production request insofar as it is vague for its failure to define with specificity the term "witness statements." Subject to and without waiver of said objection, Defendant City of Chicago states that the documents believed to be responsive to Plaintiff's Request for Production No. 4 have been produced herewith in response to Plaintiff's Request for Production No. 1. Consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34, Defendant City of Chicago will supplement its response to Plaintiff's Request for Production No. 4 if additional responsive materials are discovered to exist.

5.      All Documents relating to or supporting Defendants' Affirmative Defenses or Answer to Plaintiff's Complaint in this action, including all Documents upon which Defendants may rely at trial.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 5 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Subject to and without waiver of said objection, Defendant City of Chicago states that the documents believed to the responsive to Plaintiff's Request for Production No. 5 have been produced herewith in response to Plaintiff's Request for Production No. 1. Consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34, Defendant City of Chicago shall supplement its response to Plaintiff's Request for Production No. 5 if and/or when additional responsive material is discovered to exist.

6.      All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories or Requests to Admit in this case.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 6 insofar as it is duplicative of Plaintiff's Request for Production No. 1 and that given the substantive and temporal breadth of the production requests, Plaintiff's written discovery boarders on being vexatious. Subject to and without waiver of said objections, Defendant City of Chicago responds that with respect to "Requests to Admit in this case," as of the execution and tender of Defendant City of Chicago's Objections and Responses to Plaintiff's Request for Production of Documents, Plaintiff has propounded no Request to Admit, making it impossible for any documents responsive to Plaintiff's Request for Production No. 6 to exist. With respect to Defendant City of Chicago's responses to Plaintiff's Interrogatories, Defendant City of Chicago responds that documents are believed to be responsive to Plaintiff's Request for Production No. 6 have been produced herewith in response to Plaintiff's Request for Production No. 1. Defendant City of Chicago, further responding, states that its investigation continues and that consistent with its rights and obligations under Fed. R. Civ. P. 26 and 35, Defendant City of Chicago will supplement its response to Plaintiff's Request for Production No. 6 if and/or when additional responsive material is discovered to exist.

7.      All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of or by Plaintiff.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 7 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Defendant City objects to this production request insofar as it is vague for its failure to define with specificity the term "witness statements." Subject to and without waiver of said objection, Defendant City of Chicago states that the documents believed to the responsive to Plaintiff's Request for Production No. 7 have been produced herewith in response to Plaintiff's Request for Production No. 1. Consistent with its rights and obligations

under Fed. R. Civ. P. 26 and 34, Defendant City of Chicago will supplement its response to Plaintiff's Request for Production No. 7 if and/or when additional responsive material is discovered to exist.

      8.    All Documents taken from Plaintiff by any Defendant.

**RESPONSE:** On information and belief, Defendant City of Chicago is unaware of any documents "taken from Plaintiff by any Defendant." On information and belief, Plaintiff continued to be in custody, possession and control of a cellular telephone on and after August 15, 2016 and that the contents of that cellular telephone contains (or contained) information not only relevant, but likely material, to the claims and defenses in this litigation. After conducting a forensic examination of that cellular telephone, Defendant City of Chicago will supplement its response to Plaintiff's Request for Production No. 8 or, alternatively, seek instruction from the Court concerning possible spoliation of evidence by Plaintiff Charlotte Brent-Bell.

      9.    All Documents relating to any medical care, medical treatment, medical diagnosis, or medication provided to Plaintiff.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 7 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Defendant City of Chicago further objects to this production request because it seeks information within the exclusive custody, possession or control of Plaintiff's and/or Plaintiff's medical providers and that the delay in the execution by Plaintiff of a consent to the production of Plaintiff's medical records has impeded the ability of Defendant City of Chicago and the Individual Defendants to conduct discovery related to Plaintiff's claimed medical condition(s), if any, and the nature and extent of Plaintiff's purported damages resulting from the alleged denial of medical care and/or failure to intervene (i.e., to get Plaintiff to a hospital). Defendant City of Chicago will supplement its response to this request for production once Plaintiff executes the consent to the provision of medical records and/or when the Court compels Plaintiff to provide such a consent so that necessary discovery concerning the nature and extent of Plaintiff's alleged medical condition(s) can be thoroughly explored during the course of discovery.

      10.    All Documents relating to any internal investigation (e.g., internal affairs, etc.) undertaken in connection with the events described in Plaintiff's Complaint, including any and all attachments and any investigator notes.

**RESPONSE:** Defendant City of Chicago objects to the extent that Plaintiff's Request for Production No. 10 is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to Plaintiff's Request for Production No. 10 have been produced herewith in response to Plaintiff's Request for Production No. 1, bearing Bates Label No. CITY 2224 and CITY 2848-CITY 2931. Investigation continues. Defendant City of Chicago consistent with its

rights and obligations under Fed. R. Civ. P. 26 and 34 willl supplement its response to this request if and/or when additional responsive material is discovered to exist.

11.     Documents sufficient to show the location, movements, and assignments of each of the Individual Defendants between August 1, 2016, and September 15, 2016.

**RESPONSE:** Defendant City of Chicago objects to the extent that Plaintiff's Request for Production No. 10 is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to Plaintiff's Request for Production No. 11 have been produced herewith in response to Plaintiff's Request for Production No. 1, identified in the document descriptions as A&A sheets for the individual defendants and the units for the relevant locations and time frames. Defendant City of Chicago consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to this production request if additional responsive materials are discovered to exist.

12.     All Documents, including but not limited to video recordings, audio recordings, Communications police reports, investigative notes, handwritten notes, polygraph reports, testing results, or readouts, relating to any questioning, interview, or interrogation of Charlotte Brent-Bell or any other witness related to the Brent-Bell arrest and detention.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 12 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Subject to and without waiver of said objections, Defendant City of Chicago responds that materials believed to be responsive to Plaintiff's Request for Production No. 12 have been produced herewith in response to Plaintiff's Request for Production No. 1. Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to Plaintiff's Request for Production No. 12 if additional responsive material is discovered to exist.

13.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Brent-Bell arrest and detention. This Request includes but is not limited to (a) all Communications between any of the Defendants and Plaintiff; (b) all Communications among any of the Defendants (including Communications that any Defendant sent to herself or himself); (c) all Communications between any of the Defendants and any third-party, including other law enforcement agencies; and (d) all Communications with the Cook County State's Attorney's Office and/or any other prosecutor's office.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 12 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests

8

boarder on being vexatious. Subject to and without waiver of said objections, Defendant City of Chicago responds that materials believed to be responsive to Plaintiff's Request for Production No. 13 have been produced herewith in response to Plaintiff's Request for Production No. 1, including but not limited to, CITY 2725 – CITY 2726 (October 12, 2016 "preservation demand letter" authored by Aisha Davis, Esq. on behalf of the Loevy & Loevy law firm). Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to Plaintiff's Request for Production No. 13 if additional responsive material is discovered to exist.

14.     All Documents relating to any Communication between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

**RESPONSE:** Defendant City of Chicago states that it currently has no documents responsive to Plaintiff's Request for Production No. 14. Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to Plaintiff's Production Request No. 14 if and/or when responsive material is discovered to exist.

15.     All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendants' defenses Plaintiff's Complaint, including all Documents that comprise records of physical evidence.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 15 insofar as it is vague and ambiguous due to Plaintiff's failure to define the term "physical evidence." Documents and records comprising August 15, 2016 incident involving Plaintiff Charlotte Brent-Bell has been produced in response to Plaintiff's Request for Production No. 1 and are contained in the diskette being produced herewith containing documents bearing Bates Label Nos. CITY 000001 to CITY 003699. On information and belief, the only "physical evidence" to exist is the cellular phone belonging to Plaintiff Charlotte Brent-Bell which the City of Chicago has previously requested (during the parties' initial meet and confer prior to the initial status conference before the Hon. Joan B. Gottschall) be preserved for forensic examination. Based on representations previously made by lead plaintiff's counsel, Steven Art, it is the belief of Defendant City of Chicago that Plaintiff Charlotte Brent-Bell has not preserved that "physical evidence" and could warrant the need for a spoliation of evidence instruction. Consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to Plaintiff's Request for Production No. 15 if and/or when additional responsive material is discovered to exist.

16.     All Documents related to any Complaint of any person alleging misconduct of any kind on the part of any of the Individual Defendants or any other employee or agent of the City of Chicago or the Chicago Police Department involved in the Brent-Bell arrest and detention between 2006 and the present day. This request specifically seeks but is not limited to (a) a print-out of the disciplinary histories of each of the Individual Defendants with information

9

sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, and (b) the complete file for each complaint within the period specified in this request.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 16 because it is overly broad in both substantive and temporal scope, unduly burdensome in both substantive and temporal scope, and not proportional to the needs of discovery in this matter. Subject to and without waiver of said objections, Defendant City of Chicago responds that that the following documents are believed to be responsive to Plaintiff's Request for Production No. 16 were produced herewith in response to Plaintiff's Request for Production No. 1. Defendant City of Chicago further states that consistent with its rights and responsibilities under Local Rule 37.2, Defendant City of Chicago will participate in a "meet and confer" with Plaintiff's Counsel to determine which, if any, specific Complaint Registers for any Individual Defendant should be produced as a supplemental response to Plaintiff's Request for Production No. 16.

17.     All files relating to any of the Individual Defendants maintained by the City of Chicago or the Chicago Police Department, including but not limited to their complete personnel files, internal affairs files, and training records.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 17 because it is overly broad in both substantive and temporal scope, unduly burdensome in both substantive and temporal scope, and not proportional to the needs of discovery in this matter. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to Plaintiff's Request for Production No. 17 were produced herewith in response to Plaintiff's Request for Production No. 1.

18.     Any insurance policies, contracts, or indemnification agreements that could or might provide coverage to the City of Chicago or its employees or agents, including the Individual Defendants, for any of the events described in Plaintiff's Complaint.

**RESPONSE:** Defendant City of Chicago states that information responsive to Plaintiff's Request for Production No. 18 was previously provided to Plaintiff in Defendant City of Chicago's Rule 26(a)(1) Initial Disclosures in this matter.

19.     Any documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies or procedures of the City of Chicago or the Chicago Police Department.

**RESPONSE:** Defendant City of Chicago, at this time, lacks sufficient knowledge or information to respond to Plaintiff's Request for Production No. 19 as its investigation continues and the City of Chicago has yet to determine if any of the Individual Defendants have "acted inconsistently with any of the police or procedures of the City of Chicago or the Chicago Police Department." Defendant City of Chicago states that its investigation continues and that it will supplement its response to Plaintiff's Request for Production No. 19 consistent with its rights

and obligations under Fed. R. Civ. P. 26 and 34 if and/or when, during the course of discovery, additional responsive information is discovered to exist.

20.    All Documents relating to any written policy or procedure of the City of Chicago or the Chicago Police Department, in effect between 2010 and the present day, concerning the events described in Plaintiff's Complaint, including but not limited to Documents relating to written policies or procedures on any of the following subjects:

>    a.    Conducting investigative stops or arrests;
>    b.    Entering citizens' homes;
>    c.    Applying for arrest warrants;
>    d.    Conducting investigative searches;
>    e.    Confiscating citizens' property;
>    f.    Providing medical care or medication to individuals arrested or detained by the Chicago Police Department;
>    g.    Transporting arrestees of the Chicago Police Department to the hospital in the event of medical emergencies; or
>    h.    Conducting interrogations or interviews of suspects or witnesses.

**RESPONSE:**  Defendant City of Chicago objects to Plaintiff's Request for Production No. 20 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious.  Subject to and without waiver of said objection, copies of Chicago Police Department General Orders governing subjects (a) through (h) herein have been produced in response to Plaintiff's Request for Production No. 1.  Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to this Plaintiff's Request for Production No. 20 if additional responsive material is discovered to exist.

21.    All Documents relating to any training provided by the City of Chicago or the Chicago Police Department to any Individual Defendant at any time, including but not limited to training on any of the following subjects:

>    a.    Conducting investigative stops or arrests;
>    b.    Entering citizens' homes;
>    c.    Applying for arrest warrants;
>    d.    Conducting investigative searches;
>    e.    Confiscating citizens' property;
>    f.    Providing medical care or medication to individuals arrested or detained by the Chicago Police Department;
>    g.    Transporting arrestees of the Chicago Police Department to the hospital in the event of medical emergencies; or
>    h.    Conducting interrogations or interviews of suspects or witnesses.

11

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 21 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Subject to and without waiver of said objection, copies of training materials concerning subjects/topics identified in (a) through (h) herein have been produced in response to Plaintiff's Request for Production No. 1. Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to this Plaintiff's Request for Production No. 21 if and/or when additional responsive material is discovered to exist.

22.     All Documents comprising or relating to any training manual, employee handbook, or police procedure manual that any of the Individual Defendants ever received from the City of Chicago or the Chicago Police Department.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 22 insofar as it is duplicative of information sought in Plaintiff's Request for Production No. 1 and to the extent that the duplicative and repetitive nature of Plaintiff's written discovery requests boarder on being vexatious. Subject to and without waiver of said objection, responsive materials have been produced in response to Plaintiff's Request for Production No. 1. Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 will supplement its response to this Plaintiff's Request for Production No. 22 if additional responsive material is discovered to exist.

23.     A photograph of each of the Individual Defendants showing each Individual Defendant's appearance at or near the time of the Brent-Bell arrest and detention. This request seeks the photograph of the Individual Defendants taken closest in time to August 15, 2016.

**RESPONSE:** On information and belief, Defendant City of Chicago states that it has no materials responsive to Plaintiff's Request for Production No. 23 and this production request is better directed to the Individual Defendants.

24.     Individual Defendants Only: All Documents relating to your total financial net worth, including, but not limited to:

> a.      All Documents relating to any asserts in your possession with a value in excess of $2,500.00;
> b.      Copies of all monthly statements for the period 2012 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
> c.      Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;
> d.      A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;

e.   A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);

f.   All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.   A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

h.   All Documents relating to any mortgage applications signed by your in the past four years; and

i.   Copies of your three most recent state and federal tax returns.

**RESPONSE:** Defendant City of Chicago provides no response as Plaintiff's Request for Production No. 24 is expressly intended to be answered by the Individual Defendants.

25.   Individual Defendants Only: All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:** Defendant City of Chicago provides no response as Plaintiff's Request for Production No. 25 is expressly intended to be answered by the Individual Defendants.

26.   All Documents obtained via third-party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records.

**RESPONSE:** Defendant City of Chicago objects to this Request for Production No. 26 insofar as it seeks transcripts prepared by official court reporters for cost. Production of such materials (*except* for those portions which might be construed as a statement by the Plaintiff) without payment to the court reporter deprives the reporter of their livelihood. Subject to and without waiver of said objections, upon receipt of responsive material, Defendant City of Chicago will timely supplement its response to Plaintiff's Request for Production No. 26 consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34.

27.   All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please seasonably supplement your Responses.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 27 insofar as it exceeds the permissible scope of a Rule 34 request for production. Subject to and without waiver of said objection, expert disclosures, if any, to be made by Defendant City of

Chicago shall be made in a manner consistent with Defendant City of Chicago's duties and responsibilities set forth in Fed. R. Civ. P. 16 and 26(a)(2), Fed. R. Evid. 701-703, in addition to any order of court.

28. Any and all "demonstrative" aids or exhibits which may be used at trial. To the extent responsive Documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 28 insofar as it exceeds the permissible scope of a Rule 34 request for production. Subject to and without waiver of said objection, trial exhibits, if any, to be utilized by Defendant City of Chicago shall be disclosed in a manner consistent with Defendant City of Chicago's duties and responsibilities set forth in Fed. R. Civ. P. 16 and 26(a)(1), (a)(2), any applicable rule of evidence, in addition to any order of court.

29. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

**RESPONSE:** Investigation continues. Defendant City of Chicago, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 shall supplement its response to Plaintiff's Request for Production No. 29 if responsive material is discovered to exist.

30. All Documents relating to Griselda Perry, including but not limited any Documents comprising Communications with that individual.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 30 insofar as it is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to this production request have been produced herewith in response to Plaintiff's Request for Production No. 1 and identified accordingly. Defendant City of Chicago further responds that its investigation continues and that, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 shall supplement its response to Plaintiff's Request for Production No. 30 if responsive material is discovered to exist.

31. All Documents relating to Ashley Alexander, including but not limited any Documents comprising Communications with that individual.

**RESPONSE:** Defendant City of Chicago objects to Plaintiff's Request for Production No. 31 insofar as it is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to this production request have been produced herewith in response to Plaintiff's Request for Production No. 1 and identified accordingly. Defendant City of Chicago further responds that its investigation continues and that, consistent with its rights and obligations under

14

Fed. R. Civ. P. 26 and 34 shall supplement its response to Plaintiff's Request for Production No. 30 if responsive material is discovered to exist.

      32.    All Documents relating to Keith Perry, including but not limited any Documents comprising Communications with that individual.

**RESPONSE:**  Defendant City of Chicago objects to Plaintiff's Request for Production No. 32 insofar as it is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to this production request have been produced herewith in response to Plaintiff's Request for Production No. 1 and identified accordingly. Defendant City of Chicago further responds that its investigation continues and that, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 shall supplement its response to Plaintiff's Request for Production No. 30 if responsive material is discovered to exist.

      33.    All Documents relating to the Illinois criminal case People v. Keith Perry, 15 DV 73944.

**RESPONSE:**  Defendant City of Chicago objects to Plaintiff's Request for Production No. 33 insofar as it is duplicative of Plaintiff's Request for Production No. 1. Subject to and without waiver of said objection, Defendant City of Chicago responds that documents believed to be responsive to this production request have been produced herewith in response to Plaintiff's Request for Production No. 1 and identified accordingly. Defendant City of Chicago further responds that its investigation continues and that, consistent with its rights and obligations under Fed. R. Civ. P. 26 and 34 shall supplement its response to Plaintiff's Request for Production No. 30 if additional responsive material is discovered to exist.

Respectfully submitted,

Devlin J. Schoop
Senior Counsel

Devlin J. Schoop
Senior Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-7042 (P)
(312) 744-6566 (F)
devlin.schoop@cityofchicago.org



## CERTIFICATE OF SERVICE

I hereby certify that I have served this notice and the attached document **Defendant City of Chicago's Objections and Responses to Plaintiff's First Set of Requests for Production** by causing it to be delivered via electronic mail and U.S. Mail Postage Prepaid to the following on this 13th day of October 2017.

Steven Art
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

Devlin J. Schoop
Senior Counsel

16