IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE BRENT-BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 1099 |
| | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | |
| THE CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### LIMITED CONSENT TO ENTRY OF JUDGMENT AGAINST DEFENDANT CITY OF CHICAGO

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Reiter Burns, LLP, hereby stipulates to the following:

1. This case arises from plaintiff's August 15, 2016 arrest and detention. (*See* Dkt. 77, Third Amended Compl. ("TAC"), ¶ 1.) Plaintiff alleges she was arrested without probable cause and transported from her home to the police station where she was placed into a conference room and interrogated for hours. (*Id.*, ¶¶ 1, 4, 47.) She alleges, during that time, Defendant Officers searched her phone without permission and delayed her access to medications. (*Id.*, ¶¶ 27, 30.) Plaintiff claims, as a result of her arrest and detention, she blacked out, became unresponsive, suffered a heart attack, and was taken to the hospital in an ambulance. (*Id.*, ¶¶ 36, 37.) She was never charged with a crime. (*Id.*, ¶ 43.)

2. Plaintiff Charlotte Brent-Bell has sued Chicago police officers ("Defendant Officers") and the City for alleged deprivations of her constitutional rights as well as state tort claims. Specifically, plaintiff brings claims against Defendant Officers for unlawful arrest and detention (Count I), unlawful search (Count II), denial of medical care (Count III), federal conspiracy (Count IV), failure to intervene (Count V), state law false arrest and imprisonment

**EXHIBIT A**

(Count VII), intentional infliction of emotional distress (Count VIII), willful and wanton conduct (Count IX), and civil conspiracy (Count X). Against the City, plaintiff raises claims based on *respondeat superior* (Count XI), indemnification (Count XII), and *Monell* (Count VI). *See id.*

3. Plaintiff's *Monell* claim alleges the City failed to promulgate proper or adequate policies or procedures regarding: (1) the arrest, detention, and interrogation of individuals and their property by the Chicago Police Department ("CPD"); (2) the search of individuals and their property by the CPD; (3) the provision of medication or medical care to individuals with serious medical conditions and/or in need of medical assistance while in the custody of or detained by the CPD; and (5) failing to train, supervise, and discipline Defendant Officers for these and other similar unlawful acts. (*See id.* ¶¶ 74, 75.) Plaintiff seeks a judgment against the City for damages caused by these alleged violations of plaintiff's rights under the Constitution.

4. Even if plaintiff's constitutional rights were violated by Defendant Officers as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs, or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies that any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. § 1983.

5. Without admitting the *Monell* allegations in plaintiff's TAC, the City will consent to entry of judgment against the City for plaintiff's compensatory damages and, to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, if the finder of fact in this case finds that one or all Defendant Officers is/are liable for a violation of plaintiff's

constitutional rights as alleged in plaintiff's TAC. The terms of this Limited Consent also will apply if one or all Defendant Officers is/are found liable to plaintiff on a motion for summary judgment, or found liable to plaintiff pursuant to any other court procedure not involving a finder of fact that determines, based on the merits of this case, that any one or all Defendant Officers is/are liable to plaintiff for a violation of plaintiff's constitutional rights as alleged in the TAC.

6. With respect to any or all Defendant Officers' assertion of qualified immunity, the City will consent to entry of judgment against it for plaintiff for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that one or all Defendant Officers violated plaintiff's constitutional rights as alleged in plaintiff's TAC, even if one or all Defendant Officers is/are further found to be not liable to plaintiff because one or more of them is/are entitled to qualified immunity.

7. For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation regarding plaintiff is found against one or all Defendant Officers, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees, in regard to that respective claim of plaintiff based solely on that alleged constitutional violation, and not upon any alleged "policy, custom, or practice." This Limited Consent will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure, such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

6. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City also retains the right to move to alter or amend any

judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Limited Consent.

                                              Respectfully submitted,

                                              /s/ Elizabeth A. Ekl
                                              *One of the Attorneys on behalf of Defendant City of Chicago*
                                              Terrence M. Burns
                                              Paul A. Michalik
                                              Katherine C. Morrison
                                              Elizabeth A. Ekl
                                              Reiter Burns LLP
                                              311 South Wacker Drive, Suite 5200
                                              Chicago, Illinois 60606
                                              Tel: (312) 982-0090