IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE BRENT-BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 1099 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | Magistrate Judge Gilbert |
| THE CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITIONS

**To:** Elaine C. Davenport  
Sanchez Daniels & Hoffman, LLP  
333 West Wacker, Suite #500  
Chicago, Illinois 60606  
EDavenport@SanchezDH.com

Elizabeth Ekl  
Reiter Burns LLP  
311 S. Wacker Dr., Suite 5200  
Chicago, Illinois 60606  
eekl@reiterburns.com

**PLEASE TAKE NOTICE THAT** the deposition(s) of the following individual(s) will be taken before a Notary Public in and for the County of Cook and State of Illinois on a mutually agreed upon date and time at 311 N. Aberdeen, 3rd Floor, Chicago, Illinois. The deposition(s) will be recorded by stenograph. As to counsel of record for Deponent(s), this is a demand upon you to produce said Deponent(s).

1.  The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subjects of the City's policies, practices, and customs in effect from August 1, 2011 through August 15, 2016, relating to:

    a.  confiscating citizens' property; conducting investigative searches of electronic devices with or without a warrant; and the required documentation for investigative stops and searches; and

    b.  conducting arrests; applying for an arrest warrant before arresting citizens, or otherwise establishing probable cause for an arrest, including the maintenance and / or destruction of evidence establishing probable cause; entering citizens' homes to affect a warrantless arrest; and the required documentation for all arrests, including the documentation of arrest reports; and

    c.  the provision of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago Police Station; the denial of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago

**EXHIBIT B**

>Police Station; the required medical documentation of detainees at a Chicago Police Station, including documentation for those detainees who request or require medication and/or medical treatment; the transport of detainees from a Chicago Police Station to a hospital for those detainees who need, require, or request medication and/or medical care.

The person(s) so designated should be prepared to testify about the identity of the person(s) with final policymaking authority for any policy falling in any of the above categories, as well as any effort to investigate, assess, amend, or promulgate policy falling in any of the above categories.

The person(s) so designated should produce at least 7 days prior to the deposition(s) any and all documents related to the City's policies, practices, and customs in effect from August 1, 2011 through August 15, 2016 relating to points (a) through (c), above, to the extent such documents have not already been produced in this litigation.

2. The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subject of training provided or authorized by the City to police officers, detectives, and supervisors from August 1, 2011 through August 15, 2016, relating to the following subjects:

> a. confiscating citizens' property; conducting investigative searches of electronic devices with or without a warrant; and the required documentation for investigative stops and searches; and
>
> b. conducting arrests; applying for an arrest warrant before arresting citizens, or otherwise establishing probable cause for an arrest; entering citizens' homes to affect a warrantless arrest; and the required documentation for all arrests; and
>
> c. the provision of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago Police Station; the denial of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago Police Station; the required documentation of detainees at a Chicago Police Station, including documentation for those detainees who request or require medication and/or medical treatment; the transport of detainees from a Chicago Police Station to a hospital for those detainees who need, require, or request medication and/or medical care.

The person(s) so designated should be prepared to testify about the identity of the person(s) with final policymaking authority for any and all training falling in any of the above categories, as well as any effort to investigate, assess, or amend training policies and practices falling in any of the above categories.

The person(s) so designated should produce at least 7 days prior to the deposition(s) any and all documents related to the training provided by the City to lockup keepers, detention aides, police officers, detectives, and supervisors from August 1, 2011 through August 15, 2016

relating to points (a) through (c), above, to the extent such documents have not already been produced in this litigation.

      3.      The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subject of supervision and discipline by the City to police officers, detectives, and supervisors, from August 1, 2011 through August 15, 2016, relating to the following subjects:

      a.    confiscating citizens' property; conducting investigative searches of electronic devices with or without a warrant, including all citizen complaints made on these issues; and

      b.    conducting arrests; applying for an arrest warrant before arresting citizens, or otherwise establishing probable cause for an arrest; entering citizens' homes to affect a warrantless arrest; including all citizen complaints and other allegations made on these issues; and

      c.    the provision of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago Police Station; the denial of medication or medical care to detainees in lockup and/or otherwise held in custody at a Chicago Police Station; the required documentation of detainees at a Chicago Police Station, including documentation for those detainees who request or require medication and/or medical treatment; the transport of detainees from a Chicago Police Station to a hospital for those detainees who need, require, or request medication and/or medical care; including all citizen complaints and other allegations made on these issues; and

      d.    Failure of police officers, detectives, and supervisors to properly document or otherwise provide truthful information in any Chicago Police Department report.

      The person(s) so designated should be prepared to testify about the identity of the person(s) with final policymaking authority for any and all supervision and discipline falling in any of the above categories, as well as any effort to investigate, assess, or amend the supervision and discipline policies and practices falling in any of the above categories.

      The person(s) so designated should produce at least 7 days prior to the deposition(s) any and all documents related to the training provided by the City to lockup keepers, detention aides, police officers, detectives, and supervisors from August 1, 2011 through August 15, 2016 relating to points (a) through (d), above, to the extent such documents have not already been produced in this litigation.

      4.      The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subject of the information contained on document Bates CITY 2751 (attached hereto). This testimony may include, but is not limited to, the general contents of each listed record, when each listed record is expected to be created in the ordinary course of business, where each record is expected to be maintained in the ordinary course of

business, all areas searched for the records, who has access to the records after each record is created, and any known reason(s) why each record may no longer be in existence.

The person(s) so designated should produce at least 7 days prior to the deposition(s) any and all documents related to document Bates CITY 2751, to the extent such documents have not already been produced in this litigation.

5. The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subject of (a) the Bureau of Technical Services Information Services Division's ability to run an Email Search of all Chicago Police Department email addresses, including all information, such as search terms, required to run a search; (b) how search terms are structured in order to capture information contained on the server; (c) the extent of emails maintained on the Chicago Police Department's server, including whether a search of the City of Chicago Police Department's server would capture any email that was lost, discarded, or destroyed, and the date of destruction; and (d) the information contained on Bates FCRL 5201-5202, and Bates CITY 2382-2386 (attached hereto).

The person(s) so designated should produce at least 7 days prior to the deposition(s) any and all documents related to document Bates FCRL 5201-5202, and Bates CITY 2382-2386, to the extent such documents have not already been produced in this litigation.

6. The person or persons designated by the City of Chicago to provide binding testimony on the City's behalf on the subject of the City's efforts to locate and produce files responsive to Plaintiff's document requests in this case and to answer Plaintiff's interrogatories in this case.

Respectfully Submitted,

/s/ Julie M. Goodwin
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Steven Art
Julie Goodwin
Aisha Davis
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Amended Notice of Rule 30(b)(6) Depositions on all parties of record via electronic mail on September 12, 2018.

/s/ Julie M. Goodwin