1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA RAMIREZ, et al.,                     ) DOCKET NO. 05 C 317
                                           )
                        Plaintiffs,)
                                           )
      vs.                                  )
                                           )
CITY OF CHICAGO, et al.,                   ) Chicago, Illinois
                                           ) March 14, 2008
                        Defendants.) 9:00 o'clock a.m.


          TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
                    MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiffs:
                    MR. MATT JENKINS

For the Defendants:
                    MR. EILEEN E. ROSEN
                    MR. ANDREW M. HALE,
                    MS. KATHLEEN H. CHAMPAGNE and
                    MR. STEVEN C. RUECKERT


                    JESSE ANDREWS
        Official Court Reporter - U. S. District Court
                    219 S. Dearborn Street
                    Chicago, Illinois  60604
                      (312) 435-6899

             *     *     *     *     *     *

EXHIBIT E

2

1          THE CLERK:  05 C 317, Ramirez vs. City of Chicago.

2          MR. JENKINS:  Matt Jenkins on behalf of plaintiff,u

3 your Honor.

4          MS. ROSEN:  Good morning, your Honor.  Eileen Rosen

5 on behalf of all defendant except for Finnegan and Suchocki.

6          MR. HALE:  Good morning, your Honor.  Andrew Hale,

7 also for all defendants except Finnegan and Suchocki.

8          MS. CHAMPAGNE:  Good morning, your Honor. Kathleen

9 Champagne on behalf or defendant Finnegan.

10          MR. RUECKERT:  Good morning, your Honor.  Randy

11 Rueckert, for Carl Suchocki.

12          THE COURT:  Good morning.

13          Well, you know, I suppose that learning is better

14 even if it comes late.  And most recently I have had occasion

15 in a couple of Section 1983 cases that have considerable age

16 on them to urge that all of the concentration on Monell issues

17 that frequently occupies so much time and effort really is not

18 constructive.  But that's conditioned upon an undertaking by

19 the governmental agency to indemnify against any potential

20 liability for obviously compensatory damages.  Punitives all

21 of us know is not available.

22          And that became most focused in a situation in which

23 finally a municipality -- not the City of Chicago, but a

24 different municipality -- had said, "Judge, we are prepared to

25 stipulate" -- that was after a couple of years of knocking

3

1 heads -- "we are prepared to stipulate that we will undertake

2 responsibility."

3          And I said, "No, it's really not a stipulation

4 because it's not bilateral. But if it's an undertaking and

5 it's unequivocal and irrecoverable," then that came in the

6 context of a motion for bifurcation, something that I rarely

7 prove. But it seems to me that's an issue that bears hard

8 examination. I recognize that there is a tendency -- and I

9 don't say this critically, because I used to be a violator in

10 this respect myself when I was practicing law -- there is a

11 tendency to say, "Well, you know, I don't want to establish

12 the broader principles," you know. I am concerned, for

13 example, that the City of Chicago has been shown to have a lot

14 of officers scofflaws, and that's terrible, and we really want

15 to -- we really want to expose that. And the internal

16 investigation procedures have been unsatisfactory, and finally

17 they got around to recognizing that.

18          But it seems to me that plaintiffs' represent --

19 when they represent an individual -- when counsel represent

20 individual plaintiffs, not a class, that counsel's primary

21 responsibility is to the individual. And that if that then

22 entails the prospect of going to trial on the individual

23 claims without what would be really a major digression and a

24 major amount of time and effort spent on something that

25 doesn't bear on the individuals liability, it seems to me that

4

1 makes a lot of sense.

2       Now this is my first opportunity to make that pitch

3 in this case. But it seems to me that that's something that

4 the City really ought to focus on. I don't know, Mr. Rosen,

5 whether your people have gotten to considering that in this

6 kind of context, but I would certainly urge it.

7       MS. ROSEN: Your Honor, I can say that the City is a

8 big proponent of this notion of indemnifying on the issues to

9 bifurcate or eliminate the Monell --

10       THE COURT: But for me that has to take the form of

11 an irrevocable commitment.

12       MS. ROSEN: I understand.

13       THE COURT: And not just say, "We're going to put it

14 on the side while we bifurcate."

15       MS. ROSEN: Yes. No, no, no. I appreciate that.

16 And I know the different views that different judges have had.

17       THE COURT: Yes.

18       MS. ROSEN: But I know that they are very interested

19 in that idea. And I can't speak for plaintiffs' counsel,

20 although my interaction with plaintiffs' counsel in other

21 cases is that typically they are opposed to that notion,

22 although there have been circumstances where they have agreed

23 to it. So now it plays in this case for them, I don't know.

24       MR. JENKINS: Your Honor, I am not aware of whether

25 or not we have talked about the stipulation at all in this

5

1  case.

2          MS. ROSEN:  We did --

3          THE COURT:  Let me emphasize it's not a stipulation.

4  I don't care whether your agree or not, you know.  It's the

5  undertaking that's critical.

6          MR. JENKINS:  Sure, your Honor.

7          MS. ROSEN:  I know there was some discussion maybe

8  about a year or so ago sort of casual on the topic.  And it

9  seemed as though that plaintiffs' counsel was not interested

10 at that time but we have not revisited that.  And is there a

11 particular --

12         THE COURT:  I would like to give you a short

13 timetable --

14         MS. ROSEN:  Sure.

15         THE COURT:  -- because if in fact we are going to

16 have situation, then it seems to that this one is over ripe

17 and we can get to trial much faster and more expeditiously and

18 simply rather than the other way around.

19         MS. ROSEN:  Yes, I think that's right. I mean we

20 were prepared today actually to talk about the Monell expert

21 disclosures and all of that.

22         THE COURT:  Yes.

23         MS. ROSEN:  So that's really where we are in the

24 case.

25         THE COURT:  Yes.

6

1          MS. ROSEN:  So I guess it makes sense to have a
2 discussion.

3          THE COURT:  How long do you think it would take for
4 you -- the the Corporation Counsel's office to contemplate
5 it's corporate navel and come to a --

6          MS. ROSEN:  I think that we could have a discussion
7 fairly soon, within the next 10 to 14 days, Judge.

8          THE COURT:  All right.  Suppose that I give you
9 maybe three weeks from now for a next status, give you the
10 opportunity to make at least some kind sense on that, and to
11 communicate it obviously to plaintiffs' counsel, so that you
12 want can have an interchange in the meantime.  And that would
13 put us let's say to May 5th, that's three weeks from today, or
14 I can do it any date later in the week if the 5th is bad for
15 anybody.

16          MR. JENKINS:  The 5th works for plaintiff, your
17 Honor.

18          MS. ROSEN:  May 5th is fine with me, your Honor.

19          THE COURT:  Everybody?  All right.  Status then May
20 5th at 9 o'clock.  Thank you.

21          MS. ROSEN:  And then, your Honor, so that I am
22 clear --

23          THE COURT:  Yes.

24          MS. ROSEN:  -- in terms of the -- I know you don't
25 want to call it a "stipulation."  But the City would be

7

1 agreeing to indemnify any judgment other than punitive

2 damages, right?

3          THE COURT:  Yes, that's right.  Punitives obviously

4 they can --

5          MS. ROSEN:  They cannot --

6          THE COURT:  -- we are cannot do.

7          MS. ROSEN:  Right.

8          THE COURT:  Okay.  Thank you all.

9          MS. ROSEN:  Thank you, your Honor.

10          MR. HALE:  Thank you, your Honor.

11     (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
       THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)
12
              C E R T I F I C A T E
13
   I HEREBY CERTIFY that the foregoing is a true and correct
14 transcript from the report of proceedings in the
   above-entitled cause.
15

16 JESSE ANDREWS, CSR
   OFFICIAL COURT REPORTER
17 UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF ILLINOIS
18 EASTERN DIVISION
   DATED: March 14, 2008
19

20

21

22

23

24

25