IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE BRENT-BELL,<br><br>      Plaintiff,<br><br>v.<br><br>The CITY OF CHICAGO, Chicago Police Officers JOSEPH STRUCK, PAMELA CHILDS LAUGHLIN, SHERRY KOTLARZ, JOSEPH LOPEZ, CYNTHIA R. NICHOLS, SGT. LOUIS D. BOONE, III, AUDIE MANAOIS and UNIDENTIFIED CHICAGO POLICE OFFICERS,<br><br>      Defendants. | No. 17 C 1099<br><br>Jeffrey T. Gilbert<br>United States Magistrate Judge |

**MEMORANDUM ORDER**

Defendants' Motion to Strike Plaintiff's Rebuttal Disclosure of Expert Fintel Opinions [ECF No. 216] is granted in part and denied in part.

I.

The Motion [ECF No. 216] is granted with respect to what both parties refer to in their briefs as Dr. Fintel's first and second rebuttal opinions. Those are Dr. Fintel's opinions concerning defense expert Dr. Goodwin's (1) "methodology" in reaching his opinion that Plaintiff's encounter with the Chicago police on August 15, 2016, did not cause her to have a cardiac event, and (2) the effect of a missed or delayed dose of medication on Plaintiff's medical condition on that day. In the Court's view, these so-called rebuttal opinions simply serve to reinforce or restate Dr. Fintel's original opinions and highlight the basic disagreement between Dr. Fintel and Dr. Goodwin concerning the causal connection between Plaintiff's cardiac event and her interactions with Defendants on August 15, 2016. To the extent Dr. Fintel "rebuts" what Dr. Goodwin says, he does so by reiterating what he said in his own original report and then criticizing Dr. Goodwin for coming to a different conclusion and ignoring facts that Dr. Fintel believes are important.

Courts routinely bar proffered rebuttal opinions of this type. "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dept.,* 535 F.3d 621, 630 (7th Cir.2008) (quoting *U.S.*

*v. Grintjes,* 237 F.3d 876, 879 (7th Cir.2001)). "However, a party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." Noffsinger v. The Valspar Corp., No. 09 C 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011), citing *Peals,* 535 F.3d at 630. *Cf. Berkheimer v. Hewlett-Packard Company,* 2016 WL 3030170, at *4 (N.D. Ill. May 25, 2016) ("Expert reports are not first drafts.").

Although Dr. Fintel cites some facts and makes observations in this proposed rebuttal report that were not included specifically in his original report, those additional facts and observations just as easily could have been in Dr. Fintel's original report. That Dr. Fintel chose to elaborate on his original opinion after reviewing Dr. Goodwin's report does not mean that elaboration is a legitimate basis for a rebuttal report. Said another way, reiteration is not necessarily rebuttal. The Court cannot say it was necessary for Dr. Fintel to elaborate in this way on his original opinions because of anything that Dr. Goodwin said in his expert report. To the extent that Dr. Fintel's proposed rebuttal report "contradict[a], impeach[es] or defuse[s] the impact of the evidence offered by [Dr. Goodwin]," *Peals,* 535 F.3d at 630, it does so in way that simply emphasizes or reinforces what Dr. Fintel said in his original report. That is not necessary or proper rebuttal. Moreover, the Court cannot see how Plaintiff would be prejudiced in terms of Dr. Fintel's opinion testimony at trial if he is not allowed to tender his so-called rebuttal report.

With respect to the specific "rebuttal" opinions offered by Dr. Fintel, his criticism of Dr. Goodwin's "methodology" is simply another way of saying he disagrees with Dr. Goodwin's opinion. Dr. Goodwin did not describe any methodology he followed in reaching his opinion other than to apply his medical knowledge and expertise to the known facts. So, characterizing Dr. Fintel's rebuttal opinion as a critique of Dr. Goodwin's methodology is a reach. The gist of Dr. Fintel's rebuttal of Dr. Goodwin's "methodology" appears to be that Dr. Fintel's opinion as to the cause of Plaintiff's cardiac event is correct and Dr. Goodwin's opinion on the same point is wrong. The two medical experts disagree as to the cause of Plaintiff's alleged cardiac event and Dr. Fintel reiterates that disagreement in his proposed rebuttal report.

Similarly, Dr. Fintel's restatement of his view that Plaintiff missing a dose of her medication (or a delay in her taking her medication) may have caused her to suffer a cardiac event adds nothing new. He said just that in his original expert report. Dr. Goodwin then disagreed, and Dr. Fintel highlights that disagreement in his proposed rebuttal. Again, Dr. Fintel and Dr. Goodwin simply have different professional views as to the cause of Plaintiff's alleged cardiac event, and Dr. Fintel says he has the better part of that argument. That is apparent from the experts' original opinions and not fodder for another opinion from Dr. Fintel.

Further, to the extent Dr. Fintel attempts to buttress his original opinions with additional detail in his proposed rebuttal report – such as by stating that Plaintiff did not complain about angina before she experienced the cardiac event in August 2016 or that a missed dose of medicine could have caused the increase in her blood pressure – that also is not a proper use of a rebuttal report. *See* Dr. Fintel's Expert Rebuttal Report [ECF No. 227]. If Dr. Fintel felt those details were

important, he could and should have included them in his original report. A rebuttal report is not a vehicle for polishing or fine-tuning an expert's original report. *See Berkheimer,* 2016 WL 3030170, at *4.

The bottom line is that expert disclosure under Federal Rule of Civil Procedure 26 should not be an extended game of tennis with each side serving and volleying through multiple sets and an unending tie-breaker. Discovery is complete in this case filed in 2017. The opinions of both sides' experts are clear and at odds. The case needs to proceed to the next stage of the litigation process whether that is summary judgment, settlement, or trial.

II.

Despite the Court's observation in the immediately preceding paragraph, there is one aspect of Dr. Fintel's proffered rebuttal report that does appear to be proper rebuttal. That is his criticism of Dr. Goodwin's reliance on two journal articles cited in Dr. Goodwin's expert report. Dr. Goodwin says his opinions "are based upon . . . my review of the following material" which includes the two journal articles in question, among other things such as medical records and deposition transcripts. *See* Dr. Goodwin's Expert Report [ECF No. 225-1]. Dr. Fintel says neither of the articles cited by Dr. Goodwin were peer reviewed and both focus on a noncompliant patient as opposed to a patient like Plaintiff who Dr. Fintel says was compliant with her medical regime. It is not clear how or to what extent Dr. Goodwin relied upon the two articles in arriving at his opinions because he does not say. Dr. Fintel, of course, could not have formed any opinion about these two journal articles in his original expert report because his report was produced before Dr. Goodwin's report in which Dr. Goodwin references the journal articles.

Defendants did not address this aspect of Dr. Fintel's proffered rebuttal report in their Motion [ECF No. 216]. Plaintiff says Defendants, therefore, waived any argument that the portion of Dr. Fintel's rebuttal report that addresses the journal articles should be disallowed or, alternatively, any argument that might be construed as relating to the journals was undeveloped and thus to the same effect in terms of waiver. *See Phillips v. Allen*, 743 F. Supp. 2d 931, 947 (N.D. Ill. 2010). Defendants argue, briefly, in their Reply [ECF No. 221] that any reliance placed by Dr. Goodwin on the journal articles he said he reviewed is not really an opinion that can be rebutted by Dr. Fintel. They point out that Dr. Fintel has no idea what reliance Dr. Goodwin placed on those articles in coming to his opinion because he did not say how he relied on them in his report. Procedurally, Defendants also say they waived nothing because the basic issue here is the Court's comparison of the competing experts' reports and whether Dr. Fintel's proposed rebuttal is proper in that context.

Defendants also say Plaintiff chose not to depose Dr. Goodwin after he produced his report and, had she done so, she could have asked him at that deposition about the journal articles. That is true but the Court will not criticize a party for not deposing the opposing party's expert witness which, of course, is a party's choice. There are good reasons, strategic and otherwise, for not deposing an opposing party's expert before trial. *See* Gregory P. Joseph, *The Temptation to Depose*

*Every Expert,* 40 No. 2 Litigation 35 (2014). And the decision to proceed in that way should not preclude a party from producing a proper rebuttal report from that party's expert witness.

In any event, in the Court's view and in the exercise of its discretion, Defendants did not waive their ability to oppose Dr. Fintel's proposed rebuttal report about the journal articles because they did not address directly the journal articles in their Motion [ECF No. 216]. Defendants essentially challenged the entire rebuttal report as improper rebuttal. It certainly would have been better practice to address the journal article issue directly in the opening Motion [ECF No. 216], but the Court will not hold that Defendants forfeited the opportunity to speak to that issue at all under these circumstances. Plaintiff anticipated Defendants might do so and devoted a long paragraph in her response to the journal articles even though Defendants did not specifically address that issue in their Motion [ECF No. 216]. *See* Response [ECF No. 217] at 6.

On the merits, the Court finds that Dr. Fintel's criticism of Dr. Goodwin's reliance on the two journal articles is proper rebuttal. Although Dr. Goodwin does not say to what extent he relied on the articles, he does say he relied on them, among other things, in coming to his opinion. That would seem to make the journal articles fair game for rebuttal. Dr. Fintel says those articles are not reliable for purposes of this case and he at least implies that Dr. Goodwin's opinion should be discounted because he relied on them in some way. That is proper if limited rebuttal in the context of this case. Although the Court will permit Dr. Fintel's rebuttal opinion in this respect, how this will play out at trial may depend upon whether and how Dr. Goodwin relies on the journal articles to support his testimony and opinion. But that is for another day.

### III.

Therefore, for the reasons discussed above, the Court finds that the last indented paragraph on page 2 of Dr. Fintel's expert rebuttal report with respect to Dr. Goodwin's reliance on two journal articles is proper rebuttal and should be allowed. *See* Dr. Fintel Expert Rebuttal Report [ECF No. 227]. For the avoidance of doubt, that is the paragraph that begins with "Dr. Goodwin's reliance on two journal articles" and ends with the words "by her Primary Care Physician." *Id.* The Court also finds, for the reasons discussed above, that the rest of Dr. Fintel's proposed expert rebuttal report is not proper rebuttal and it, therefore, is stricken at Defendants' request.

Accordingly, Defendants' Motion to Strike Plaintiff's Rebuttal Disclosure of Expert Fintel Opinions [ECF No. 216] is granted in part and denied in part.

It is so ordered.

_____
Jeffery T. Gilbert
United States Magistrate Judge

Dated: April 16, 2021